UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>**Gloria Gean Fischer**</u>

    v.                                                        Civil No. 13-cv-463-PB
                                                                Opinion No. 2017 DNH 119

<u>**US Social Security Administration,**</u>
<u>**Acting Commissioner, Nancy A. Berryhill**</u>

**MEMORANDUM AND ORDER**

Gloria Gean Fischer is a fifty-nine-year-old woman who previously operated her own business. Earlier in this proceeding, Fischer challenged the Social Security Administration's denial of her claim for disability insurance benefits ("DIB"). After I reversed the denial, the Acting Commissioner sought review of my order by the First Circuit Court of Appeals. The First Circuit vacated my order and remanded for consideration of Fischer's remaining claims.

                    **I.  BACKGROUND**

**A.  <u>Underlying Facts</u>**

In accordance with Local Rule 9.1, the parties have submitted a joint statement of stipulated facts (Doc. No. 19). Because that joint statement is part of the court's record, I do not recount it here. Instead, I discuss facts relevant to the

disposition of this matter as necessary below.

**B.   Procedural Posture**

Fischer protectively applied for DIB on February 28, 2012, alleging disability as of October 31, 1995.  An administrative law judge ("ALJ") subsequently held a hearing in May 2013 at which Fischer, represented by counsel, and a vocational expert testified.  Shortly thereafter, the ALJ produced a written decision denying Fischer's application.  The Appeals Council declined review, making the ALJ's decision the Acting Commissioner's final decision.

In his decision, the ALJ laid out the five-step, sequential analysis prescribed by 20 C.F.R. § 416.920(a).  Given the ALJ's conclusion, however, he did not proceed past step two.  At step one, the ALJ determined that it was unnecessary to ascertain whether Fischer's income constituted substantial gainful employment.  At step two, the ALJ found that Fischer had a medically determinable impairment — sciatica — but did not have a severe impairment or combination of impairments as of March 31, 1998, her date last insured ("DLI").  Accordingly, Fischer was not disabled prior to that date.

In an order dated October 30, 2014, I reviewed the ALJ's decision and remanded to correct a legal error.  I ruled that the ALJ failed to consult a medical expert when deciding that

2

Fischer was not disabled prior to her DLI, as is generally required by SSR 83-20.  See SSR 83-20, 1983 WL 31249, at *3 (Jan. 1, 1983).  And although an ALJ need not consult a medical expert where the record unambiguously shows that the claimant was not disabled as of her DLI, see, e.g., May v. Soc. Sec. Admin. Com'r, 125 F.3d 841 (1st Cir. 1997) (unpublished) (per curiam), I concluded that the record was ambiguous.

On appeal, the First Circuit reached the contrary conclusion.  Focusing on an MRI of Fischer's cervical spine and x-rays of her pelvis and left hip — all of which were taken around the time of her DLI and all of which were normal — the First Circuit held that the medical evidence unambiguously demonstrated that Fischer had not become disabled prior to her DLI.  See Fischer v. Colvin, 831 F.3d 31, 35–36 (1st Cir. 2016).  Accordingly, even if SSR 83-20 applied, the ALJ did not need to consult a medical expert.  Id. at 39.  The First Circuit instructed me to consider Fischer's remaining claims.  See id. at 39 & n.10.

## II.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), I have the authority to review the administrative record and the pleadings submitted by the parties, and to enter judgment affirming, modifying, or

3

reversing the final decision of the Commissioner.  That review is limited, however, "to determining whether the ALJ used the proper legal standards and found facts [based] upon the proper quantum of evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  I defer to the ALJ's findings of fact, so long as those findings are supported by substantial evidence.  Id.  Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."  Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

If the substantial evidence standard is met, the ALJ's factual findings are conclusive, even where the record "arguably could support a different conclusion."  Id. at 770.  Findings are not conclusive, however, if the ALJ derived his findings by "ignoring evidence, misapplying the law, or judging matters entrusted to experts."  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).  The ALJ is responsible for determining issues of credibility and for drawing inferences from evidence in the record.  Irlanda Ortiz, 955 F.2d at 769.  It is the role of the ALJ, not the court, to resolve conflicts in the evidence.  Id.

## III. ANALYSIS

On remand, Fischer presses two arguments. First, she argues that the ALJ failed to consider and properly evaluate her diagnosis of chronic pain syndrome. Second, she argues that the ALJ erred in analyzing her credibility and other evidence in the record.

### A. Are Fischer's Arguments Foreclosed by the First Circuit's Decision?

Fischer maintains that the First Circuit's decision does not foreclose her arguments. According to Fischer, the First Circuit merely held that the record did not require the ALJ to consult a medical expert under SSR 83-20. See Doc. No. 20 at 2-3. Any finding concerning ambiguity was limited to the context of SSR 83-20; it would not implicate arguments made outside of that context. See id. In addition, the First Circuit's decision to remand the case for consideration of Fischer's remaining claims necessarily implies that there are live claims to consider. See id.

I disagree. The First Circuit's decision precludes Fischer's arguments. Subject to narrow exceptions, parties may not relitigate, and a lower court may not reconsider, "matters that were explicitly or implicitly decided by an earlier appellate decision in the same case." Negrón-Almeda v. Santiago, 579 F.3d 45, 50-52 (1st Cir. 2009) (quoting United

States v. Moran, 393 F.3d 1, 7 (1st Cir.2004)).  Here, Fischer focuses on the First Circuit's ultimate conclusion that SSR 83-20 would not require consulting a medical expert.  But in reaching its conclusion, the First Circuit held that medical evidence unambiguously demonstrated that Fischer was not disabled prior to her DLI.  See Fischer, 831 F.3d at 36 (noting that "precise medical evidence eliminated the need for the ALJ to infer that Fischer's onset date preceded her DLI" and that "the contemporaneous medical evidence was specific and unequivocal").  That predicate holding, as a "matter[] . . . decided by an earlier appellate decision" in this case, is binding on me.  See Negrón-Almeda, 579 F.3d at 50 (citation omitted).

The First Circuit's predicate holding renders harmless the errors Fischer alleges.  As outlined above, Fischer primarily claims the ALJ committed two legal errors.  To reverse an ALJ's decision, however, his or her errors should be harmful.  See Ward, 211 F.3d at 656 ("While an error of law by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than an empty exercise." (citation omitted)).  Supposing the ALJ erred in evaluating Fischer's chronic pain syndrome and credibility, it would still be the case that the medical evidence unambiguously shows that Fischer was not

disabled prior to her DLI.[1]  A claimant cannot collect DIB in that circumstance.  See Fischer, 831 F.3d at 32.  Thus, the First Circuit's decision forecloses Fischer's remaining claims.[2]

**B.   Fischer's Primary Arguments Fail on Alternative Grounds**

Assuming that the First Circuit's decision does not foreclose Fischer's primary arguments, I would still find no reversible error.

1. Chronic Pain Syndrome

Fischer argues that the ALJ failed to consider her diagnosis of chronic pain syndrome and evaluate it under the standards set forth in SSR 03-2p, which provides rules for evaluating claims of reflex sympathetic dystrophy syndrome, also known as complex regional pain syndrome.  See Doc. No. 20 at 4-5; SSR 03-2p, 2003 WL 22399117, at *1 (October 20, 2003).  Fischer recognizes that her chronic pain syndrome was not diagnosed until 2012, but contends that records from 2012 show

---

[1] If a proper evaluation of the record could reasonably show that Fischer was disabled prior to her DLI, then the record would be ambiguous as to onset date.  That possibility is foreclosed by the First Circuit's decision.

[2] The First Circuit's instruction to consider Fischer's remaining claims does not entail that the claims are unaffected by the decision, as Fischer insists.  Indeed, the First Circuit made clear that it remanded Fischer's claims not because of their viability in light of its decision, but because I did not initially address the claims and the parties did not argue them on appeal or ask for their resolution.  See Fischer, 831 F.3d at 39 n.10.

7

that symptoms of chronic pain syndrome started in 1996, two years prior to her DLI.  See Doc. No. 20 at 4.

Fischer's argument fails for a number of reasons.  To start, SSR 03-2p applies to complex regional pain syndrome ("CRPS"), not chronic pain syndrome ("CPS") simpliciter.  See SSR 03-2p, 2003 WL 22399117, at *1.  CRPS is a type of CPS; it is not synonymous with the condition.  See id.  Because Fischer has not pointed to any diagnosis of CRPS, as opposed to CPS, she has not shown that SSR 03-2p actually applies.  See Doc. No. 20 at 4-5.

Even if SSR 03-2p applied, Fischer has not shown that her condition meets the diagnostic requirements set out in the ruling.  As a general matter, establishing a medically determinable impairment requires evidence from acceptable medical sources, such as physicians and psychologists.  20 C.F.R. § 404.1513(a) (2013) (since amended).  More particularly, the Social Security Administration recognizes CRPS in instances of "persistent complaints of pain that are typically out of proportion to the severity of any documented precipitant," coupled with one of the following signs in the affected region: (1) swelling; (2) autonomic instability (e.g., "changes in skin color or texture"); (3) abnormal hair or nail growth; (4) osteoporosis; or (5) involuntary movement.  See SSR 03-2p, 2003

WL 22399117, at *4.  In her brief, Fischer does not point to any evidence of the additional signs of CRPS.  See Doc. No. 20 at 4–5; Doc. No. 8-1 at 3–6.  My review of the record reveals no evidence from acceptable medical sources of relevant signs reasonably tied to the affected region — the left side of Fischer's body.  I find no reversible error.[3]

2.  Credibility Determination

Fischer last argues that the ALJ failed to assess her credibility after finding that her impairment could reasonably cause her symptoms, as required by SSR 96-7p.  See Doc. No. 20 at 5–6; see generally SSR 96-7p, 1996 WL 374186 (July 2, 1996) (superseded 2016).  Anticipating a counterargument, Fischer further contends that, to the extent the ALJ made a credibility assessment, it was based solely on the objective medical evidence.  See Doc. No. 20 at 6.  Such an assessment would contravene SSR 96-7p.  See id.  Fischer adds that the ALJ did not properly consider or evaluate medical evidence postdating her DLI.  See id. at 5–6.

I conclude that Fischer did not develop her credibility argument prior to remand.  A party must "spell out its arguments

---

[3] To the extent Fischer argues that the ALJ failed to consider or evaluate evidence of CPS, as distinct from failing to properly apply SSR 03-2p, that argument is foreclosed by the First Circuit's opinion, as explained above.

9

squarely and distinctly," otherwise those arguments are deemed waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)). Furthermore, I decline to consider arguments Fischer first developed on remand despite having adequate opportunity and incentive to develop them earlier. Cf. United States v. Casey, 825 F.3d 1, 12 (1st Cir. 2016) ("[A]rguments raised for the first time in an appellate reply brief [are] ordinarily deemed waived . . . ."); United States v. Ticchiarelli, 171 F.3d 24, 32 (1st Cir. 1999) (in criminal context, a defendant may not raise a new argument on remand for resentencing if he or she had reason to raise it initially).

In this instance, Fischer did not cite SSR 96-7p in her initial brief, nor did she cite other regulations relevant to credibility determinations. See Doc. No. 8-1 at 3-6. Moreover, her brief did not contain the substance of her 96-7p arguments: it made no mention of the ALJ failing to make a credibility determination or erroneously relying solely on objective medical evidence. See id. To be sure, Fischer argued that medical evidence and her testimony demonstrated the severity of her impairment prior to her DLI, and that certain medical evidence was consistent with her testimony. See id. at 4-5. Yet she described her testimony simply as "undisputed, credible and

10

acknowledged in the [decision]." Id. at 4. Because Fischer failed to "squarely and distinctly" develop her credibility arguments initially, she cannot develop them on remand.[4]

## IV. CONCLUSION

For the foregoing reasons, I grant the Acting Commissioner's motion to affirm (Doc. No. 9) and deny Fischer's motion to reverse (Doc. No. 8). The clerk is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 26, 2017

cc: Christine Woodman Casa, Esq.
T. David Plourde, Esq.

---

[4] To the extent that Fischer maintains that the ALJ ignored or improperly evaluated medical evidence or her testimony more generally, that argument is foreclosed by the First Circuit's decision, as explained above.

11